UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD TERRY,

    Petitioner,

                                CASE NO. 2:06-CV-14413
v.                               HON. PATRICK J. DUGGAN

DOUGLAS VASBINDER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on October 29, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Petitioner James Edward Terry, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction of two counts of first-degree criminal sexual conduct against his daughter, Christina, in violation of MICH. COMP. LAWS ANN.§ 750.520b(1)(a).[1] For the reasons stated below, the Court denies Petitioner's application for a writ of habeas corpus.

**Background**

---

[1] Petitioner also was convicted of two counts of first-degree criminal sexual conduct against another daughter, however, his challenges do not relate to his conviction on those charges.

On September 15, 2003, a jury in the Oakland County Circuit Court, State of Michigan, convicted Petitioner of four counts of sexually assaulting his two daughters, April and Christina. The trial court sentenced Petitioner as a third habitual offender to thirty-five to sixty years imprisonment on September 30, 2003. Petitioner thereafter filed a direct appeal, raising two challenges. First Petitioner claimed that the trial court erred in admitting certain testimony of Christina's foster mother. Specifically, the foster mother testified that when she discovered Christina engaged in strange sexual behavior and asked Christina how she learned such behavior, Christina stated that her "daddy showed her." In his second challenge, Petitioner claimed that the trial court erred in denying his motion for directed verdict with respect to the allegations of sexual abuse as to Christina.

On June 23, 2005, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Terry*, No. 252554 (Mich. Ct. App. June 23, 2005). The court held that the foster mother's testimony was properly admitted as an exception to the hearsay rule under Michigan Rule of Evidence 803A, the "tender years" exception. With respect to Petitioner's second challenge, the appellate court found that "ample" evidence was presented at trial by way of Christina's testimony for the jury to find Petitioner guilty beyond a reasonable doubt of first-degree criminal sexual conduct against her.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. The Supreme Court denied Petitioner leave to appeal in a standard order on October 31,

2005. *People v. Terry*, No. 129205 (Mich. Oct. 31, 2005). Petitioner thereafter filed the pending application for a writ of habeas corpus on October 10, 2006. Petitioner raises the same grounds in support of his request for habeas relief that he raised in the Michigan appellate courts.

**Standard of Review**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S.Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

**Analysis**

Petitioner first contends that the trial court erred in admitting statements by Christina's foster care mother pursuant to the tender years exception to the hearsay rule, MRE 803A. The Michigan Court of Appeals rejected this claim, finding that the foster care mother's testimony was properly admitted pursuant to this exception. *Terry*, slip. op. at * 1-2.

To the extent that Petitioner is alleging a violation of the Michigan Rules of Evidence, he is not entitled to habeas relief. Claims alleging violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable under 28 U.S.C. § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). "'Errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas proceeding.'" *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders*, 837 F.3d 284, 286 (6th Cir. 1988)). A state court's evidentiary ruling may raise constitutional questions, however, if it results in the denial of fundamental fairness, thereby violating due process. *Cooper*, 837 F.2d at 286.

4

This Court cannot find that the admission of the foster care mother's statements violated Petitioner's due process rights. First, the elements necessary to admit the statements pursuant to Michigan Rule of Evidence 803A were satisfied: (1) the declarant was less than ten years of age when the statement was made; (2) the statement was spontaneous and without indication of manufacture; (3) although not made immediately after the incident, the delay was excusable in light of the victim's young age and her relationship to her father; and (4) the statement was introduced through someone other than the declarant. MRE 803A. Second, even if Michigan's evidentiary rule was violated, the Court cannot find that "the error 'had substantial or injurious effect or influence in determining the jury's verdict.'" *Clemmons v. Sowder*, 34 F.3d 352, 357 (6th Cir. 1994) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S. Ct. 1710 (1993)). The foster mother and the declarant, Christina, were subject to cross-examination at trial. Additionally, as will be discussed below, there was other substantial evidence from which the jury could find beyond a reasonable doubt that Petitioner sexually assaulted Christina.

In his second ground in support of his application for habeas relief, Petitioner contends that the trial court erred in denying his motion for directed verdict with respect to the first-degree criminal sexual conduct charges related to Christina. Petitioner maintains that there was insufficient evidence of sexual penetration to sustain the charges.

The Michigan Court of Appeals found sufficient evidence to support the allegations of sexual abuse against Christina. A habeas court addressing a sufficiency-of-the-evidence claim must ask "whether, after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original); *see also O'Hara v. Brigano*, 499 F.3d 492, 499 (6th Cir. 2007) (same). Petitioner argues that there was insufficient evidence for the jury to find that he penetrated Christina with his finger(s), contending that Christina initially did not answer when asked whether Petitioner penetrated her vagina, that her testimony was "clearly rehearsed and lead [sic] by the prosecutor," and that she testified on cross-examination that the prosecutor told her what to answer.

Petitioner's challenges, however, only address Christina's credibility. It is for the jury, and not a reviewing court, to assess Christina's credibility. *O'Hara*, 499 F.3d at 500. To find Petitioner guilty of first-degree criminal sexual conduct against Christina, the jury had to find beyond a reasonable doubt that he sexually penetrated her and that she was under thirteen years of age at the time. *Greenwell v. Elo*, 77 Fed. App'x 790, 792 (6th Cir. 2003) (citing MICH. COMP. LAWS ANN. § 750.520b(1)(a)). Although the Michigan Court of Appeals did not cite *Jackson* in evaluating whether there was sufficient evidence to find these elements satisfied, it applied the same standard in evaluating the claim and found that Christina's testimony alone provided sufficient evidence. *Terry*, slip op. at *2. This Court agrees that Christina presented sufficient evidence during her trial testimony from which the jury reasonably could find the elements of first-degree criminal sexual conduct proven beyond a reasonable doubt, including that penetration occurred.

## Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT COURT JUDGE

Copies to:
James Terry, #232960
G. Robert Cotton Correctional Facility
3500 North Elm Road
Jackson, MI 49201

Brad H. Beaver, Esq.